W. A. LYNCH, Receiver, v. MAGNUS HILLSTROM and Another.[1]

May 29, 1896.

Nos. 9781—(100).

**Partnership.**

Evidence considered, and *held* sufficient to justify the order of the trial court.

Appeal by plaintiff, receiver of C. Aultman & Co., from an order of the district court for Goodhue county, Williston, J., denying a motion for a new trial as to defendant Hillstrom. Affirmed.

*John F. Merrill* and *Harrison & Noyes,* for appellant.

*J. C. McClure,* for respondent.

BUCK, J. The complaint sets up two causes of action against Magnus Hillstrom and W. W. Doyle, as co-partners doing business under the firm name of Hillstrom & Doyle. The first cause of action is for a Star stacker, sold to defendant, by plaintiff's assignor, September 15, 1891, at Minneapolis, for the agreed price of $130, payable December 1, 1891. The second cause of action is for certain goods, wares, and merchandise alleged to have been sold to defendants for the agreed price of $42.90, consisting of certain machinery, and including one straw rake. The answer denies the purchase or delivery to the defendants, or either of them, of the Star stacker, the subject of the plaintiff's first cause of action. As to the second cause of action stated in the complaint, the answer denies the same, "except only that said defendants admit that, between the said dates in said subdivision stated, they purchased of C. Aultman & Co. certain goods, wares, and merchandise of the value and agreed price of $14, and no more," which sum they allege they tendered and offered to pay plaintiff's assignor soon after the purchase of said goods, and were still ready and willing to pay. While the complaint also alleges that the defendants were co-partners on June 27, 1891, and at the times mentioned in the complaint, it fails to state for what purpose they were co-partners; and the answer admits that they were once co-partners in business, but alleges that, long prior to the com-

[1] Reported in 67 N. W. 636.

mencement of this action, such co-partnership had been dissolved, and that they were not then co-partners. Nowhere in the pleadings does it appear for what purpose they were co-partners, although the evidence tends to disclose the fact that they were not co-partners in dealing in machinery, but in operating a threshing machine.

The jury found a verdict in favor of the plaintiff for the sum of $27.40. Upon a settled case the plaintiff moved for a new trial, which was granted as to the defendant Doyle and denied as to the defendant Hillstrom; and from the order denying the motion for a new trial as to Hillstrom the plaintiff appealed to this court. The rights of Doyle are, therefore, not involved in this appeal, and he does not appear herein.

Five assignments of error are made by the appellant, but as to the fourth and fifth we shall not discuss them, because there were no exceptions taken to the rulings of the court upon matters therein assigned as errors.

By the first assignment of error it is claimed that the court erred in denying the plaintiff's motion for a new trial, on the ground that the evidence does not justify the verdict and that it is contrary to law. We do not think that the case demands a very extended discussion of the evidence. The testimony of the defendants tended strongly to show that, at the time of the alleged sale of the property sued for, the defendants were not general dealers in machinery, but that the sole business of the firm was that of operating a threshing machine in threshing grain; that the separator and rake used by defendants in carrying on their business was purchased of C. Aultman & Co. in the year 1890; that it proved defective, and could not be made to work; that in the fall of 1890 Hillstrom so informed the agent of C. Aultman & Co., who said he did not have another rake in hand, but would give him a duebill for one, to be delivered the following spring; and that he did give such duebill, whereupon Hillstrom paid for the rake, and in 1891 he was furnished another to replace the defective one. There does not appear to be any dispute but what the rake bought in 1890 was paid for; the controversy upon this point being as to whether or not the rake furnished in 1891 was to replace the one bought in 1890, or was another purchase. Upon this question the verdict of the jury should not be disturbed.

A disputed question was whether the Star stacker was ordered in

1891 for defendants, or for S. A. Young; it having been delivered to the latter, and kept by him, and never received or used by the defendants. The order for this Star stacker was given by Doyle, using the firm name, but directing it to be sent to Young at a place other than where the defendants were doing business. The controversy appears to have been as to who was the real purchaser of the stacker, the defendants or Young, and the question of fact was one to be settled by the jury.

Upon the question of co-partnership existing between defendants, Hillstrom testified that they were not co-partners in the machinery business, either in 1890 or 1891.—only owned some land together; that he did not authorize Hillstrom to purchase any machinery in controversy; that he never ordered or received any; that the firm were not in the habit of ordering goods during the year 1891, other than those needed for the threshing machine. Young had no connection with the firm or its business, and Hillstrom knew nothing about the order for the machinery to be sent to Young. We think that the question of whether the act of Doyle in giving the order in the firm name was not entirely without the scope of the partnership business was properly submitted to the jury. The verdict is not manifestly against the weight of evidence, so far as it relates to Hillstrom; and, under the instructions of the court, the verdict as to him is justified by the evidence. This covers the second assignment of error.

There is no merit in the third assignment of error, because we find no errors of law occurring at the trial. There was no exception to the question alleged to have been asked in the fourth assignment of error, and we disregard it. The same can be said of the fifth assignment of error, which related to the judge's charge. No objection seems to have been made to it, and no exception thereto appears in the record. However, if the parties voluntarily litigated certain issues which, it is claimed, were outside those made by the pleadings, they are bound thereby; especially, such matters as appear herein.

The order of the trial court is affirmed.